IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC | § | |
|     Defendant. | § | |

**AMENDED DISCOVERY ORDER**

Following an initial pretrial and scheduling conference in this case, and in accordance with the discussions during that conference, it is hereby

**ORDERED** that this Amended Discovery Order replaces the Discovery Order entered June 8, 2005.

1.     **Disclosures.** By **August 10, 2005**, and without awaiting a discovery request, each party shall disclose to every other party the following information:

   (a)     the correct names of the parties to the lawsuit;

   (b)     the name, address, and telephone number of any potential parties;

   (c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

   (e)     any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

    (a)     the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules;

    (b)     to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, by **August 10, 2005**, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    (c)     within ninety (90) days after the Scheduling Conference, a complete description of the categories of damages claimed by any party to the action, and a description of the documents or other evidentiary materials believed necessary for proof of said damages. The parties shall disclose all materials bearing on the nature and extent of injuries suffered, and provide authorizations necessary to obtain from third parties documents on which the calculations are founded.

3. **Testifying Experts**. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    (a)     the expert's name, address, and telephone number;

    (b)     the subject matter on which the expert will testify;

    (c)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting information such as:

    (i)    whether the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

    (ii)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (iii)    the expert's current resume and bibliography.

4. **Discovery Limitations**.
   (a) **Interrogatories**: Limited to 30 interrogatories per side. Interrogatories with multiple subparts shall be considered a single interrogatory ***provided*** each subpart is substantially related to the substance of the interrogatory or serves to clarify further the type of information sought by the interrogatory. Each interrogatory subpart that does not substantially relate to the substance of the interrogatory or serve to clarify further the type of information sought by the interrogatory shall be considered a separate interrogatory that counts toward the limit of 30 total interrogatories. Responses or objections to interrogatories will be due within thirty (30) days after service of the interrogatories. *See* FED. R. CIV. P. 33.

   (b) **Requests for Admission**: Limited to 90 requests for admission per side.

   (c) **Document Requests**: The parties may exchange a maximum of 60 requests for production of documents and things. Responses or objections to such requests are due within thirty (30) days after service of the requests, and production of the responsive documents and things will be made at a mutually convenient time and place agreed to by the parties. *See* FED. R. CIV. P. 34. The parties may serve third party subpoenas for documents on any third parties having relevant documents/information.

   (d) **Depositions**: Fact witness depositions in this case are limited to 70 hours of actual testimony time (as recorded by the court reporters). Each party may depose the other party's testifying experts for no longer than one day each, no more than seven hours per day, irrespective of the number of reports submitted by the expert, provided, however, that the expert has provided all such reports to the opposing party by the deadlines set forth in the Court's Order.

5. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.

    (a)    By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.

    (b)    If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

    (c)    A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting the privilege shall file with the Court within thirty (30) days of the filing of the motion to compel proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

6.    **Pre-trial Order and Accompanying Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following materials and disclosures regarding the evidence that the disclosing party intends to present at trial (*see also* Court's Procedures, § 9):

    (a)    **Witness Lists:** The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b)    **Deposition Designations:** The designation of those witnesses whose testimony is expected to be presented by means of a deposition, with designations to the transcripts.

    (c)    **Exhibit Lists and Copies**: All exhibits shall be pre-marked separately identifying those which the party expects to offer in its case in chief and those which the party may offer if the need arises.

    (d)    **Objections,** together with the grounds therefor, **to live witnesses and deposition designations** by another party under subparagraph (b) above. Objections not so disclosed shall be deemed waived unless excused by the Court for good cause shown.

    (e)    **Objections**, together with the grounds therefor, **to authentication and/or**

        **admissibility of exhibits** identified under subparagraph (c), above. Objections not so disclosed shall be deemed waived unless excused by the Court for good cause shown.

    (f)    **Legal Memoranda and Related Material:**
        (i)    **Bench trials:** proposed findings of fact and conclusions of law with citation to authority;
        (ii)    **Jury trials:** joint proposed jury instructions with citation to authority, and proposed verdict form.

7.    **Signatures.**  The disclosures required by this Order shall be made electronically or in writing and signed by the party making the disclosures.  Signatures by the party or counsel shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.    **Exchange of Disclosures**.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.    **Notification of the Court**.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place, but no detail is required.

10.    **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.    **Protective Orders.**  The parties may submit a proposed "Protective Order" to ensure the confidentiality of parties' materials is maintained during this case to the extent feasible.

12.    **Rules of Practice**.  The Court Patent Rules (Draft) are attached for parties' reference.

13.    **Discovery Disputes**.  Counsel are directed to adhere to § 6.C of the Court's Procedures (available on the Court website www.txs.uscourts.gov) to resolve discovery disputes.

14.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused

from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **E-Filing.** Except for good cause shown or as provided in the Local Rules, **all documents (with the exception of correspondence and those documents referenced in the local rules) in cases pending in this Court shall be filed electronically**. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerks office nor the Court will maintain a paper file except as provided in the local rules.

   When filing electronically, the Court prefers: (I) that documents be **published to PDF** and then filed with the Court rather than filing scanned documents; and (ii) proposed orders be included as **attachments** to motions, not incorporated within the filed motion and not filed as a separate docket entry.

16. **Courtesy Paper Copies.** In cases pending before this Court, the parties shall provide to the Court's chambers courtesy copies of (a) all documents filed electronically that exceed five pages in length *and* (b) all sealed documents.

17. **Hearing Notebooks.** Within ten (10) days following the filing of responses to dispositive motions, *Daubert* motions, and claims construction submissions, the movant is to provide the Court with an original and one copy of a hearing notebook containing the motion, the response, any reply, and any sur-reply with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

18. **Sealed Documents.** The filing of sealed documents is disfavored. However, the Court will accommodate the parties' desire to seal documents if the materials are genuinely confidential or proprietary.

    (a) The parties hereby are notified that, **unless** a motion requesting otherwise is received from one or both of the parties within **ten (10) days from the date of this notice**, the Court will issue an order directing the Clerk's Office to docket the "title" of all sealed documents (this does not include the substance of the document) on the Court's case management system.

    (b) **If one or more parties object to titles of sealed documents** appearing on the case management system, the objecting party must move to alter this Court's procedure for sealed document, and until further notice for every sealed

document filed, the movant is required to prepare a notebook for the Court containing the document, any response, any reply and sur-reply with the corresponding docket numbers on each and all documents and exhibits appropriately tabbed.

SIGNED at Houston, Texas, this **26th** day of **July, 2005.**

_____
Nancy F. Atlas
United States District Judge