IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC | § | |
|     Defendant. | § | |

## DOCKET CONTROL ORDER

It is hereby ORDERED that the following schedule, requirements and limitations apply for this case:

| | | |
|---|---|---|
| 1 | **8/12/05** | **Initial Disclosures** |
| 1.1 | **8/19/05** | **Comply with P.R. 3-1 and P.R. 3-2**: **Disclosure of Asserted Claims and Preliminary Infringement Contentions & Document Production**. *After this date,* it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to Patent Rule (P.R.) 3-7. **Join additional parties**. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of court to join additional parties. **Add new patents and/or claims** for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of court to add patents or claims. |
| 2 | **9/30/05** | Comply with P.R. 3-3: **Preliminary Invalidity Contentions** due. Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-7. Add any **inequitable conduct allegations** to pleadings. Prior to this date, it is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings. Thereafter, it is necessary to obtain leave of court to add inequitable conduct allegations to pleadings. |
| 3 | **10/14/05** | Comply with P.R. 4-1: **Exchange Proposed Terms and Claim Elements for Construction.** |

| | | |
|---|---|---|
| 3.1 | **10/24/05** | Describe **damages theories** and related documents. |
| 4 | **11/4/05** | Comply with P.R. 4-2:  Exchange of **Preliminary Claim Constructions and Extrinsic Evidence.**<br>**Privilege Logs** to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| 5 | **11/29/05** | Deadline to comply with P.R. 4-3: **Filing of Joint Claim Construction and Pre-Hearing Statement.** |
| 6 | **11/29/05** | **Deadline for all parties to file amended pleadings (pre-claim construction)**. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  (It will be necessary to file a Motion for Leave to Amend after this deadline.)<br><br>**NOTE**: If the amendment would affect preliminary infringement contentions or preliminary invalidity contentions, a motion must be made pursuant to P.R. 3-7 irrespective of whether the amendment is made prior to this deadline. |
| 7 | **12/9/05** | **Response to amended pleadings**. |
| 8 | **12/9/05** | Each party to provide name, address, phone number, and curriculum vitae for up to three (3) **technical advisors** and information regarding the nominee's availability for *Markman* hearing.  The parties shall indicate the advisors to which they agree. |
| 9 | **12/9/05** | **Discovery Deadline – Claim Construction Issues** |
| 9.1 | **12/12/05 at 10:00 a.m.** | **Pre-hearing conference** on scope of claim construction hearing. |
| 10 | **12/23/05** | Deadline for parties, if they desire, to provide Court with **written tutorials concerning technology involved in patent in issue**.  If a technical advisor has been appointed, each party that provides a tutorial is requested to provide a copy to the advisor. |
| 11 | **12/23/05** | Comply with P.R. 4-5(a):  the party claiming **patent infringement** shall serve and file a **Claim Construction Opening Brief** and any evidence supporting its claim construction.  The moving party is to provide the Court with 2 binders containing their Opening Brief and exhibits. If a technical advisor has been appointed the moving party is to provide their Opening Brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |

| | | |
|---|---|---|
| 12 | **1/6/06** | Comply with P.R. 4-5(b): **Responsive Brief and supporting evidence due to party claiming patent infringement**. The moving party is to provide the Court with two (2) courtesy copies of the Responsive Brief and exhibits. If a technical advisor has been appointed, the moving party is to provide the Responsive Brief on disk or CD along with a hard copy in a notebook (with exhibits) to the advisor. |
| 13 | **1/13/06** | Comply with P.R. 4-5(c): **Party claiming infringement shall file a Reply Brief and supporting evidence on claim construction**. The moving party is to provide the Court with two (2) copies of binders containing the Reply Brief and exhibits. If a technical advisor has been appointed, the moving party shall provide the Reply Brief on disk or CD along with a hard copy in a notebook format (with exhibits) to the advisor.<br><br>Parties to file a **notice** with the Court stating the **estimated amount of time** requested for the Claim Construction (*Markman*) Hearing. The Court will notify the parties if it is unable to accommodate this request. |
| 14 | **1/27/06** | Parties to submit **Claim Construction Chart** in WordPerfect 8.0 (or higher) format in compliance with P.R. 4-5(d). |
| 15 | **2/3/06** | **Claim Construction (*Markman*) Hearing at 9:00 a.m. at the United States District Court, 515 Rusk Street, Courtroom 9-F, Houston, Texas** |
| 15.1 | **3/17/06** | **Court's Decision on Claim Construction** (*Markman* Ruling) |
| 15.2 | **4/14/06** | **Deadline for Final Infringement Contentions and to Amend Pleadings on Infringement Claims**<br>**NOTE**: Except as provided in P.R. 3-6, if the amendment would affect preliminary or final infringement contentions, a motion must be made pursuant to P.R. 3-7 irrespective of whether the amendment is made prior to this deadline. |
| 15.3 | **4/28/06** | **Deadline for Final Invalidity Contentions and to Amend Pleadings on Invalidity Claims**<br>**NOTE**: Except as provided in P.R. 3-6, if the amendment would affect preliminary or final invalidity contentions, a motion must be made pursuant to P.R. 3-7 irrespective of whether the amendment is made prior to this deadline. |
| 16 | **4/14/06** | Comply with P.R. 3-8 Furnishing documents and privilege logs pertaining to **Willful Infringement.** |

| | | |
|---|---|---|
| 17 | 5/19/06 | Each party **Designates Expert Witnesses on Non-Construction Issues on which the party has the burden of proof** and serve **Expert Witness Reports**.<br>[Refer to Local Rules for information required.] |
| 18 | 6/16/06 | Parties may **Designate Responsive Expert Witnesses on non-claim construction issues on which party does *not* have the burden of proof**, and serve **Responsive Expert Witness Reports**.<br>[Refer to Local Rules for information required]. |
| 19 | 8/18/06 | **Discovery Deadline.** |
| 20 | 9/22/06<br>Responsive Briefs due: **10/13/06**<br>Reply Briefs due: **10/20/06** | **Dispositive and Non-Dispositive Motions deadline**<br>[Briefing on Motions: 21 calendar days for responses and 7 calendar days for reply briefs, unless extended by the Court on a party's request] |
| 21 | ~ **12/15/06** | **Court's ruling on all pending motions** |
| 22 | 1/5/07 | **Joint Pretrial Order** due including **all components** required by Local Rules and this Court's Procedures (such as witness lists, exhibit lists and copies of exhibits (see # 29 below), and (a) in bench trials, proposed findings of fact and conclusions of law with citation to authority and (b) for jury trials, joint proposed jury instructions with citation to authority, and proposed verdict form).<br>**Statement of Expected Length of Trial**: _____ days (~6 hours with jury per day). |
| 23 | 1/5/07 | **Written Notice due for Request for Daily Transcript or Real Time Reporting of Trial Proceedings**. |
| 24 | 1/5/07 | **Video and Deposition Designations** due.<br>Each party who proposes to offer a deposition by video shall file a disclosure identifying the line and page numbers to be offered.<br>All other parties will have 1 week to file a response requesting **cross designation** line and page numbers to be included.<br>Each party is responsible for **preparation of the final edited video** in accordance with their parties' designations and the Court's rulings on objections. |
| 25 | 1/5/07 | **Motions in Limine due.** |
| 26 | 1/12/07 | **Objections** to opponents' proposed witnesses, proposed exhibits, designated deposition testimony, and any other matters due. |
| 27 | 1/18/07 | The **parties** are directed to confer and **advise the Court** as to (a) which limine requests are agreed to and (b) which requests the Court must address at the Docket Call. |

| 28 | **1/19/07** | 9:00 a.m. **Docket Call/ Final Pretrial Conference** at the United States District Court, 515 Rusk Street, Houston, Texas. |
|---|---|---|
| 29 | **MEDIATION is Required prior to Docket Call**<br><br>**1/18/07** | *The Court refers most cases to mediation. The parties should discuss proposed mediators and timing of mediation prior to the Scheduling Conference and be prepared with recommendations for the Court.*<br>**Mediation to be completed by this date**. The parties shall select a mediator for this case. The parties and mediator must comply with Local Rule 16. |
| 30 | **Late Jan. or early Feb. 2007** | 9:00 a.m. **JURY SELECTION** at the United States District Court |
| 31 | **Late Jan. or early Feb. 2007** | **JURY TRIAL** (9:30 a.m.) commences, subject to Court's criminal docket |

**OTHER REQUIREMENTS and LIMITATIONS**:

(a) **All depositions** to be read into evidence as part of the parties' case-in-chief shall be **EDITED** to exclude all unnecessary, repetitious, and irrelevant testimony. **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The Court will refuse to entertain any **motion to compel discovery** filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Southern District of Texas Local Rules 7.1, 7.2.

(c) The following **excuses will neither warrant a continuance** nor justify a failure to comply with the discovery deadline:

  (i) The fact that there are motions for summary judgment or motions to dismiss pending;

  (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(d) **Exhibits**

(i) Each party is requested to provide the Court with a courtesy copy of exhibits and exhibit lists. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txs.uscourts.gov under **Court Procedures of Judge Nancy F. Atlas**

(ii) If exhibits are voluminous, provide only specific pages that pertain to the issues on the two courtesy copies. The original exhibits that are agreed upon by the parties, should be ready to be tendered to the Clerk of the Court at the beginning of trial. Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission.

(iii) The parties are further requested to label all proposed exhibits with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number. For example:

| **Plaintiff's Exhibit** | **Defendant's Exhibit** |
|---|---|
| Exhibit No. _____ | Exhibit No. _____ |
| Case No. _____ | Case No. _____ |

SIGNED at Houston, Texas, this **26th** day of **July, 2005.**

_____
Nancy F. Atlas
United States District Judge

# **HON. NANCY F. ATLAS – PATENT RULES**
(Draft Revised June 3, 2005)

## 1. **SCOPE OF RULES**

**1-1. Title.**

These are the Rules of Practice for Patent Cases before the Eastern District of Texas. They should be cited as "P. R. __."

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a patent is not infringed, is invalid or is unenforceable (a "patent claim"). The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the Claim Construction Hearing provided for in P.R. 4-6 raises claim construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the Claim Construction Hearing.  The Civil Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Patent Rules. The deadlines set forth in these rules may be modified by Docket Control Order issued in specific cases.

**1-3. Effective Date.**

These Patent Rules shall apply in any case designated by Judge Atlas involving a patent claim.


## 2. **GENERAL PROVISIONS**

**2-1. Governing Procedure.**

    **(a)** **Initial Case Management Conference.** When the parties confer with each other pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties must discuss and address in the Case Management Statement filed pursuant to Fed. R. Civ. P. 26(f), the following topics:

    **(1)**    Proposed modification of the deadlines provided for in the Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

    **(2)**    Whether the Court will hear live testimony at the Claim Construction Hearing;

    **(3)**    The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

    **(4)**    The order of presentation at the Claim Construction Hearing; and

    **(5)**    The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in P.R. 4-3 has been filed.

    **(b)**    **Further Case Management Conferences.** To the extent that some or all of the matters provided for in P.R. 2-1 (a)(1)-(5) are not resolved or decided at the Initial Case Management Conference, the parties shall propose dates for further Case Management Conferences at which such matters shall be decided.

**2-2.  Confidentiality.**

If any document or information produced under these Patent Local Rules is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 court days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

**2-3.  Certification of Initial Disclosures.**

All statements, disclosures, or charts filed or served in accordance with these Patent Rules must be dated and signed by counsel of record. Counsel's signature shall constitute a

certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

**2-4.    Admissibility of Disclosures.**

Statements, disclosures, or charts governed by these Patent Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements or disclosures provided for in P.R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Rules must be taken.

**2-5.    Relationship to Federal Rules of Civil Procedure.**

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (*e.g.*, interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Rules.  A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Rules:

    **(a)**    Requests seeking to elicit a party's claim construction position;
    **(b)**    Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;
    **(c)**    Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and
    **(d)**    Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

### 3. PATENT INITIAL DISCLOSURES

**3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.**

As provided in the Case Management Schedule issued by the Court at the initial Scheduling Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

- **(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;
- **(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
- **(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;
- **(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;
- **(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and
- **(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**3-2. Document Production Accompanying Disclosure.**

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

**(a)** Documents (*e.g.*, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.R. 3-1(e), whichever is earlier; and

**(c)** A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

**3-3.   Preliminary Invalidity Contentions.**

By the deadline set forth in the Case Management Schedule, after service upon it of the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it

obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**3-4. Document Production Accompanying Preliminary Invalidity Contentions.**

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P.R. 3-1(c) chart; and

**(b)** A copy of each item of prior art identified pursuant to P.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

**3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.**

**(a)** **Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, P.R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, by the deadline set forth in the Case Management Schedule, the party seeking a declaratory judgment must serve upon each opposing party its Preliminary Invalidity Contentions that conform to P.R. 3-3 and produce or make available for inspection and copying the documents described in P.R. 3-4. By the deadline set forth in the Case Management Schedule, the plaintiff will file its Final Invalidity Contentions.

**(b)** **Applications of Rules When No Specified Triggering Event.** If the filings

or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

**(c)** **Inapplicability of Rule.** This P.R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

**3-6. Final Contentions.**

Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, *except* as set forth below.

**(a)** If a party claiming patent infringement believes in good faith that **(1)** the Court's Claim Construction Ruling or **(2)** the documents produced pursuant to P.R. 3-4 so requires, that party may serve, by the deadline set forth in the Case Management Schedule, "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by P.R. 3-1(c) and (d).

**(b)** By the deadline set forth in the Case Management Schedule, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by P.R. 3-3 if:

**(1)** a party claiming patent infringement has served "Final Infringement Contentions" pursuant to P.R. 3-6(a), or

**(2)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

**3-7. Amendment to Contentions.**

Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

**3-8. Willfulness.**

By the date set forth in the Docket Control Order, each party opposing a claim of

patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

    **(a)**    Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

    **(b)**    Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

**NOTE:** A party opposing a claim of patent infringement who does not comply with the requirements of this P.R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

### 4.    CLAIM CONSTRUCTION PROCEEDINGS

**4-1.**   **Exchange of Proposed Terms and Claim Elements for Construction.**

    **(a)**    By the deadline set forth in the Case Management Schedule, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

    **(b)**    The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

**4-2.**   **Exchange of Preliminary Claim Constructions and Extrinsic Evidence.**

    **(a)**    By the deadline set forth in the Case Management Schedule, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

    **(b)**    At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of

>    extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, fact or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.
>
> **(c)** The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

### 4-3.   Joint Claim Construction and Prehearing Statement.

By the deadline set forth in the Case Management Schedule, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

> **(a)** The construction of those claim terms, phrases, or clauses on which the parties agree;
>
> **(b)** Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses;
>
> **(c)** The anticipated length of time necessary for the Claim Construction Hearing;
>
> **(d)** Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and
>
> **(e)** A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

### 4-4.   Completion of Claim Construction Discovery.

By the deadline set forth in the Case Management Schedule, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim

construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

**4-5.** **Claim Construction Briefs.**

- **(a)** By the deadline set forth in the Case Management Schedule, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.
- **(b)** By the deadline set forth in the Case Management Schedule, each opposing party shall serve and file its responsive brief and supporting evidence.
- **(c)** By the deadline set forth in the Case Management Schedule, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.
- **(d)** By the deadline set forth in the Case Management Schedule, the parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct.

    - **(1)** Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank. Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s).
    - **(2)** The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns shall state "[**AGREED**]" and the agreed construction shall be inserted in the "Court's Construction" column.
    - **(3)** The purpose of this claim construction chart is to assist the Court and the parties in tracking and resolving disputed terms. Accordingly, aside from the requirements set forth in this rule, the parties are afforded substantial latitude in the chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms and proposed constructions. Appendices to the Court's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

**4-6.    Claim Construction Hearing.**

Subject to the convenience of the Court's calendar, on the date set forth in the Case Management Schedule, the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.