IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This patent case is before the Court on Defendant Mega Lift Systems, LLC's Motion for Leave to Amend Its Answer and Counterclaims ("Motion to Amend") [Doc. # 92], filed June 1, 2006. Plaintiff MGM Well Services, Inc. ("MGM") filed its Opposition [Doc. # 98], and Mega Lift Systems, LLC ("Mega Lift") has neither filed a Reply nor requested an extension of time to do so. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court denies Defendant's Motion to Amend.

Mega Lift seeks to add allegations that MGM failed to mark its devices with the patent number, has misused the patent, and offered its device for sale more than one year before filing the patent application. Mega Lift also seeks to assert that MGM engaged in inequitable conduct by giving statements to the United States Patent Office that were inconsistent with those given in this Court during the preliminary injunction

hearing. Most of these proposed new allegations relate to the enforceability of MGM's patent, not its validity. *See, e.g., GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1275 (Fed. Cir. 2001) (inequitable conduct before the patent office can render a patent unenforceable); *C.R. Bard, Inc. V. M3 Systems, Inc.*, 157 F.3d 1340, 1372-73 (Fed. Cir. 1998) (patent misuse renders the patent unenforceable). The "failure to mark" argument relates to the amount of damages MGM would be entitled to recover, not to the validity of its patent. *See* 35 U.S.C. § 287.

The deadline for amendments not related to invalidity was November 29, 2005. *See* Docket Control Order [Doc. # 44], p. 2. The reason for the amendment deadline in the Docket Control Order is to permit the parties to join issue in time to complete discovery by the deadline they agreed to with the Court during an early pretrial conference. The parties expressly agreed to the two amendment deadlines. Leave to amend is liberally granted prior to the agreed deadline but, as counsel were advised, amendments are significantly more difficult thereafter.

Leave to amend after the deadline established by the Court's scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure, and the Court of Appeals has set forth the applicable standard:

> Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order shall not be modified except upon a

showing of good cause and by leave of the district judge. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.

*Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quotations and citations omitted). The Fifth Circuit added: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.*

In this case, Defendant has made no attempt to address the Rule 16 standard, arguing instead that the Rule 15 standard applies. Plaintiff represented in its Opposition that Defendant has for quite some time had possession of the specific information identified by Defendant as the basis for the proposed amended pleading. Plaintiff also noted that Defendant has made no effort to explain why it failed to file the Motion to Amend earlier. To the extent Defendant claims that certain unspecified information was recently discovery, Defendant does not describe what efforts it made to obtain the information sooner. Indeed, Mega Lift did not serve its first discovery requests until well after the November 29, 2005, amendments deadline expired.

Defendant has not met its burden to demonstrate good cause for its failure to amend timely under the Docket Control Order deadline or for its lack of diligence in conducting discovery in this case. With specific reference to the four factors set forth by the Fifth Circuit in *Southwestern Bell*, the Court finds that Defendant offers no explanation specifically addressing its failure to move for leave to amend in a timely fashion, and its conclusory statements regarding recent discovery of information are inadequate and unsupported by the record. Plaintiff would be prejudiced because it appears from the current record that many, if not all, the proposed amendments would be the subject of a dispositive motion which would require additional time and expense. Although the Court could extend the discovery, expert witness designation, and motions deadlines to accommodate Defendant's requested amendments, the case has been pending for over a year and the extensions that would be required are unreasonable in light of Defendant's unexplained delay and the parties' early agreement to a specific pretrial schedule. Because Defendant has failed to show good cause for its delay, its Motion to Amend to add affirmative defenses and counterclaims unrelated to the patent's invalidity is denied.

Mega Lift's "on sale bar" argument, however, relates to the validity of MGM's patent. *See* 35 U.S.C. § 102(b); *Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 424 F.3d 1276, 1285-86 (Fed. Cir. 2005). Similarly, Mega Lift's allegation regarding "the

failure to name the proper inventors" relates to patent validity. The deadline to amend pleadings on invalidity claims was April 28, 2006. *See* Docket Control Order [Doc. # 44], p. 3. Although Mega Lift did not file its Motion to Amend until June 1, 2006, after this amendment deadline, it attempted to file the amended pleading without leave of court on the April 28 deadline. Therefore, the Court will consider the Motion to Amend the invalidity claims as if it were timely filed. The Court notes, however, that Mega Lift's original answer and counterclaims included general invalidity allegations. *See* Answer and Counterclaims [Doc. # 16], ¶¶ 69, 78. Consequently, Mega Lift does not need to amend to add the on-sale bar claim or the "improper inventorship" claim because these claims are already asserted generally in Mega Lift's Answer.[1] If it wishes, however, Mega Lift may file by July 10, 2006, an amended answer and counterclaim asserting the on-sale bar and the "improper inventorship" allegation with additional factual support. <u>No other amendments will be permitted</u>.

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion for Leave to Amend Its Answer and Counterclaims [Doc. # 92] is **GRANTED** as to the on-sale bar and "improper inventorship" claims and **DENIED** in all other respects.

---

[1] Neither party cites, and this Court is unaware of, any requirement that invalidity claims – unlike unenforceability allegations – must be asserted with particularity.

SIGNED at Houston, Texas, this **30th** day of **June, 2006**.

_____
Nancy F. Atlas
United States District Judge