IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This patent case is before the Court on the Motion for Reconsideration [Doc. # 101] filed by Defendant Mega Lift Systems, LLC ("Mega Lift"), to which Plaintiff MGM Well Services, Inc. ("MGM") filed a Response [Doc. # 102]. Mega Lift neither filed a reply nor requested an extension of time to do so.

Mega Lift seeks reconsideration of the Court's June 30, 2006 Memorandum and Order [Doc. # 100] denying Mega Lift's Motion to Amend. A motion for reconsideration under Rule 59(e)[1] "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 976 (2004). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised

---

[1] Defendant does not identify the basis for its Motion for Reconsideration, but the Court will construe it as one pursuant to Rule 59(e) because it was filed within ten business days after entry of the order denying leave to amend. *See* FED. R. CIV. P. 59(e); *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004).

before the entry of judgment." *Id.* Instead, a Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Rule 59(e) may also provide a means for a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479.

In its Motion for Reconsideration, Mega Lift merely repeats its request for leave to amend, presenting arguments that could easily have been made in a reply brief had Defendant elected to file one. Indeed, although MGM pointed out in its response to Mega Lift's Motion to Amend that the motion was governed by Rule 16, Mega Lift chose not to file a reply addressing the Rule 16 requirements. Instead, Defendant now attempts in a Motion for Reconsideration to satisfy the Rule 16(b) standard for amendments to pleadings after the deadline for such amendments in the Court's docket control order. A motion for reconsideration, however, is not the proper vehicle for making arguments that could and should have been presented prior to the Court's ruling on the Motion to Amend. Moreover, Defendant fails to make the required showing of good cause.

The four factors to be considered in determining good cause are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the

amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quotations and citations omitted). With reference to the first factor, Mega Lift states and argues that it did not move to amend in a timely manner because the basis for the claims it seeks were unknown prior to the amendment deadline. Mega Lift presents no evidence in the Motion for Reconsideration to support these arguments. Although the veracity of these statements is challenged by MGM in its response, Mega Lift elected not to file a reply supplying evidentiary support for its allegations.

With reference to the importance of the amendment, Mega Lift has not shown that the amendment is important to the claims currently before the Court. Instead, Mega Lift seeks to add additional, previously unasserted, claims after the time to do so has expired. Denying leave to amend does not impede Mega Lift's ability to defend against MGM's patent infringement claim or to challenge the validity or enforceability of MGM's patent.

Allowing the untimely amendments would clearly prejudice MGM, as well as third party witnesses. The discovery deadline is August 16, 2006. Allowing the amendment would not only require an extension of that deadline, it would require MGM to seek additional discovery from third parties and to retake depositions of

individuals who have previously submitted to a deposition in this case. Allowing the requested amendment would significantly delay the trial and final disposition of this matter. As noted in the Court's opinion denying leave to amend, the claims to be added through the requested amendment would likely be the subject of a dispositive motion at additional expense to MGM.

A continuance would not cure the many examples of prejudice to MGM. Perhaps more importantly, it would not cure the prejudice to the individuals who would be forced to make themselves available to be redeposed and otherwise respond to additional discovery.

Mega Lift could and should have addressed and presented its arguments regarding the Rule 16 standard in its Motion to Amend and, if not in the motion, in a reply which it chose not to file. Notwithstanding, the Court has considered Mega Lift's Motion for Reconsideration and its belated attempt to establish the Rule 16 factors. The Court concludes that Mega Lift has not shown good cause. As a result, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration [Doc. # 101] is **DENIED**.

SIGNED this **15th** day of **August, 2006**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge