IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion to Exclude Based on Spoliation of Evidence ("Motion to Exclude") [Doc. # 124] filed by Plaintiff MGM Well Services, Inc. ("MGM"), to which Defendant Mega Lift Systems, LLC ("Mega Lift") filed a Response [Doc. # 156], and MGM filed a Reply [Doc. # 159]. After reviewing the parties' briefing, the Court conducted an evidentiary hearing at which James Bartley, Mega Lift's President, testified under oath. Based on the evidence in the record, the parties' arguments, and the applicable legal authorities, the Court concludes that Plaintiff's Motion to Exclude should be **granted in part and denied in part**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case has been set forth in prior opinions by the Court in this case. Briefly, MGM is the owner of United States Patent No. 6,719,060

which relates to a "two-piece plunger lift" system for use in gas wells to remove accumulated liquids and thereby increase the gas flow through the well to the surface. MGM alleges that Mega Lift is marketing an infringing product called the "Chaser" system.

Bartley testified that in February 2006, after this lawsuit was filed, he conducted two tests using Mega Lift's "Chaser" system. Both tests were intended to compare the pressure above the plunger with the pressure below the plunger. The first test was recorded using the video feature of a digital camera. The gauge readings of the second test were photographed using the still photograph feature of the same digital camera. The video recording was deleted between the first and second tests. Bartley also testified that he took handwritten notes on an envelope. He stated that he later typed the notes and threw away the handwritten material. Bartley also failed to preserve the components of the plunger system used to perform the test. Bartley testified in deposition that the tests were inconclusive and he could not draw any conclusions from them. Mega Lift's counsel acknowledged that the tests were unreliable.

MGM moved to exclude all evidence regarding the tests based on Bartlley's alleged spoliation, or failure to preserve and produce important, discoverable evidence. At the close of the hearing, the Court ruled that the evidence of the tests would be excluded for all purposes based on its admitted unreliability. The remaining issue is

whether the evidence establishes bad faith on the part of Defendant such that the Court should sanction Mega Lift by imposing a deemed admission that the pressure beneath the plunger in Mega Lift's "Chaser" system is greater than the pressure above the plunger.

## II.  ANALYSIS

To justify sanctions for spoliation, the conduct on which the motion is based must rise to the level of bad faith. *See White v. Wal-Mart Stores East, L.P.*, 169 Fed. Appx. 850 * 1 (5th Cir. Mar. 3, 2006) (citing *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975); *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *Anadarko Petroleum Corp. v. Davis*, 2006 WL 3837518 * 27 (S.D. Tex. Dec. 28, 2006) (Rosenthal, J.). "The severity of any sanction should be proportionate to the culpability involved in the destruction and the prejudice that resulted." *Anadarko*, 2006 WL 3837518 * 27 (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994); *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 267 (8th Cir. 1993)).

In this case, it is undisputed that Bartley deleted the video of the first test, failed to retain significant components of the plunger system used for the tests, and discarded his handwritten notes. Based on the evidence in the record, the Court finds that Bartley's conduct, while clearly negligent and unprofessional, does not rise to the level of bad faith. There is no evidence that Bartley disposed of the video, the handwritten

notes, and the components of the system used in the test because he believed they were damaging to Mega Lift's position in this case.  As a result, the Court denies MGM's Motion to Exclude to the extent that MGM seeks a deemed finding of fact regarding the comparative pressures above the plunger and below the plunger in Mega Lift's system.

## IV. <u>CONCLUSION AND ORDER</u>

The evidence presented, both in the exhibits to MGM's Motion to Exclude and during the evidentiary hearing, establishs unequivocally that Bartley improperly disposed of discoverable evidence in connection with the two tests he performed in February 2006.  The circumstances of that destruction, however, do not rise to the level of bad faith and, consequently, the Court declines to sanction Mega Lift with specific findings of fact or deemed admissions regarding the comparative pressures existing in the "Chaser" system.  It is, therefore,

**ORDERED** that Plaintiff's Motion to Exclude [Doc. # 124] is **DENIED** as to MGM's request for a deemed admission that the pressure beneath the plunger in Mega Lift's system is greater than the pressure above the plunger.  It is further

**ORDERED** that Plaintiff's Motion to Exclude [Doc. # 124] is **GRANTED** to the extent it seeks exclusion of evidence of the February 2006 tests and test results. Additionally, for the reasons stated on the record following the evidentiary hearing, all

evidence of the two tests Bartley performed in February 2006 is excluded as admittedly unreliable and inconclusive.

SIGNED at Houston, Texas, this **19th** day of **January, 2007**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge