IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In a Memorandum and Order issued January 24, 2007 ("Order") [Doc. # 175], the Court granted the Motion to Exclude Evidence and Argument Regarding Defenses and Evidence That Defendant Failed to Timely Disclose ("Motion to Exclude") [Doc. # 107] filed by Plaintiff MGM Well Services, Inc. ("MGM"). On February 8, 2007, Defendant Mega Lift Systems, LLC ("Mega Lift") filed a Motion for Reconsideration ("Motion") [Doc. # 182], to which MGM filed an Opposition [Doc. # 201] and a Supplement [Doc. # 203]. Mega Lift neither filed a Reply nor requested an extension of time to do so. Based on the Court's review of the relevant portions of this record and the application of governing legal authorities, the Court **denies** Mega Lift's Motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case has been set forth in prior opinions by the Court in this case. Briefly, MGM is the owner of United States Patent No. 6,719,060

("the '060 Patent") which relates to a "two-piece plunger lift" system for use in gas wells to remove accumulated liquids and thereby increase the gas flow through the well to the surface. MGM alleges that Mega Lift is marketing an infringing plunger lift system known as "Chaser".

In the Order, the Court excluded for summary judgment and trial purposes argument and evidence regarding Dan Casey's purported prior art (the "Casey System") because it was not disclosed in accordance with the Court's Amended Discovery Order [Doc. # 43], Docket Control Order [Doc. # 44], and Patent Rules. The Court also excluded certain purported structural and dimensional features of components of Mega Lift's plunger lift system because Mega Lift produced only inaccurate information within the time requirements of the Docket Control Order. Mega Lift seeks reconsideration of these two rulings.

## II.   ANALYSIS

Mega Lift does not cite any legal authority for the relief it requests.[1]  Indeed, the only law or rule cited by Mega Lift is Local Rule 7.1.C. that requires a proposed order with any motion.

---

[1] Although Mega Lift does not cite or establish a legal basis for a detailed reconsideration of the merits of the Court's prior ruling, the Court has nonetheless reviewed the arguments and evidence in Mega Lift's Motion. Based on this review, the Court is not persuaded that its prior Order granting MGM's Motion to Exclude should be modified in any respect and, on that basis also, denies the Motion for Reconsideration.

Although Mega Lift does not state the basis for its Motion, a motion seeking reconsideration of a Court's ruling is decided pursuant to Rule 60(b) of the Federal Rules of Civil Procedure if it is filed more than ten days after entry of the challenged order. *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n.1 (5th Cir. 2004) ("If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion."). Consequently, the Court will consider Mega Lift's Motion as one filed pursuant to Rule 60(b).

> Rule 60(b) contains six alternative grounds for relief:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

FED. R. CIV. P. 60(b). A motion for reconsideration under Rule 60(b) "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir.) (addressing Rule 59(e) motions), *cert. denied*, 543 U.S. 976 (2004). Importantly, a motion for reconsideration "is not proper

to re-litigate matters that have been resolved to the movant's dissatisfaction" or to give the movant "a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Mega Lift does not identify any of the six alternative grounds under Rule 60(b) as the basis for its Motion. Mega Lift notes only that its primary counsel suffered a medical emergency and could not assist co-counsel in preparing Mega Lift's response to MGM's Motion to Exclude. Mega Lift then presents additional evidence and arguments that it could have presented in its original response. Specifically, Mega Lift argues that MGM misled the Court by confusing two separate Casey systems. Mega Lift also asserts that MGM inspected the Mega Lift device and "withheld information from its own expert" and argues that the purported structural and dimensional features of components of Mega Lift's plunger lift system should, therefore, not be excluded. From these arguments, it seems that Mega Lift could be asserting excusable neglect under Rule 60(b)(1), newly discovered evidence under Rule 60(b)(2), misconduct by MGM under Rule 60(b)(3), or the catch-all of Rule 60(b)(6).

### A.     Rule 60(b)(1) – Excusable Neglect

Mega Lift's argument that it is entitled to reconsideration of the Court's Order because its primary counsel's medical emergency caused co-counsel to file an inadequate response to the Motion to Exclude is without merit.  Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  Rule 60(b)(1) relief is inappropriate when the proffered justification is the "inadvertent mistake" of counsel.  *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993). "Gross carelessness, ignorance of the rules, or ignorance of the law" are also insufficient bases for Rule 60(b)(1) relief.  *Id.* at 357.  Indeed, granting relief on the sole basis of counsel's carelessness would be an abuse of discretion.  *See id.*

In this case, MGM filed its Motion to Exclude on September 22, 2006.  Pursuant to the Court's Local Rules, Mega Lift's response was due twenty days later on October 12, 2006.  On October 10, 2006, Mega Lift moved for a two-week extension of time to file its response, noting that lead counsel had been hospitalized.  *See* Unopposed Motion for Extension of Time [Doc. # 121].  The Court granted Mega Lift's request for a two-week extension of time to respond to MGM's Motion to Exclude, extending the deadline to October 27, 2006.  *See* Order [Doc. # 123].  On October 27, 2006, without requesting additional time, Mega Lift filed its fifteen-page

response with nine exhibits. *See* Response [Doc. # 129]. In the Response, Mega Lift argued that it produced to MGM evidence regarding the Casey System as soon as it was received and that MGM inspected the Mega Lift device with none of its features hidden. Mega Lift did not state that the Response was in any way inadequate or incomplete because lead counsel was hospitalized. Significantly, Mega Lift did not at that time or any time prior to entry of the Court's Order request additional time to file or supplement its Response.

Mega Lift is represented in this case by a major law firm "with over 700 attorneys in 10 offices." *See* Seyfarth Shaw LLP's website, www.seyfarth.com. Co-counsel who filed the Response has been participating in this case for quite some time, appearing at the *Markman* hearing on February 1, 2006, and appearing as counsel on documents filed by Mega Lift since that time. While the Court understands that lead counsel's medical situation was serious, it does not support relief under Rule 60(b)(1) in this case. *See James v. Rice Univ.*, 80 Fed. Appx. 907 *3 (5th Cir. 2003), *cert. denied*, 541 U.S. 988 (2004) (holding that counsel's personal circumstances, including a mother who was bedridden in Arizona with "severe health problems" and "the demands of raising three toddlers," did not support Rule 60(b)(1) relief). This is particularly true where, as here, capable co-counsel was available to complete the

Response by the extended deadline. To the extent Mega Lift seeks reconsideration under Rule 60(b)(1), the Motion is denied.

### B.    Rule 60(b)(2) – New Evidence

It is unclear, but possible, that Mega Lift argues that it has new evidence that there are two separate Casey systems.[2] "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

It does not appear that this evidence is new to Mega Lift. In its Motion, Mega Lift states that it had this evidence in August 2006, more than two months before it filed its Response. Moreover, Mega Lift did not exercise due diligence in obtaining the evidence. Although Mega Lift argued both in its Response and in its Motion that it produced evidence regarding the "Casey System" as soon as it was received from Mr. Casey, Mega Lift did not exercise the required diligence in obtaining the evidence.

---

[2]    The Court notes that Mega Lift's evidence of a Casey system produced for "Production Services Inc." is slim at best.

Although Mega Lift had knowledge of alleged Casey prior art as early as 1999, it did not seek to obtain evidence from Mr. Casey until late June 2006, three weeks before the close of discovery and well after the relevant deadlines in the Court's Amended Discovery Order and Docket Control Order had passed. This does not constitute due diligence.

Absent evidence that is truly newly discovered and absent the exercise of due diligence in obtaining the evidence, Mega Lift's request for reconsideration is denied to the extent it relies on Rule 60(b)(2).

### C.     Rule 60(b)(3) – Misconduct

Mega Lift argues that MGM misled the Court regarding the "Casey system" and "withheld information from its own expert." *See* Motion, pp. 3, 10. Although not stated in the Motion, it may be that Mega Lift believes this constitutes misconduct that would entitle it to reconsideration under Rule 60(b)(3). Rule 60(b)(3) provides a basis for relief from judgment where the movant presents clear and convincing evidence of "fraud . . ., misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b)(3); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party

from fully and fairly presenting his case." *Id.* "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.*

Mega Lift has failed to present clear and convincing evidence of misconduct by MGM. Regarding the existence of two Casey systems, the Court notes initially that whether there are two Casey systems or only one, Mega Lift failed to obtain and disclose evidence of the system(s) in a timely manner and, as a result, the evidence is properly excluded.[3] Additionally, nothing argued by MGM prevented Mega Lift from filing a full Response or otherwise presenting its arguments comprehensively and fairly.

With reference to the internal configuration and dimensions of the accused device, Mega Lift has not presented clear and convincing evidence that MGM withheld information from its expert. Any such withholding of information by MGM from its own expert would not prevent *Mega Lift* from filing a full and complete response to the Motion to Exclude. The Court excluded any evidence regarding the internal configuration and dimensions of the Mega Lift Chaser lubricator and its padded plunger that is inconsistent with the drawings Mega Lift originally produced and the lubricator Mega Lift provided to MGM as representative of the Chaser lubricator marketed by

---

[3] In its Supplement, MGM argues that Mega Lift's Motion for Reconsideration regarding evidence of Dan Casey's purported prior art is moot because the Court granted summary judgment on Mega Lift's defenses that were based on the Casey prior art. Although MGM's argument is correct, it is not the primary basis for the Court's ruling on the Motion for Reconsideration.

Mega Lift. Mega Lift does not address in its Motion the fundamental basis for the Court's Order in this regard – that Mega Lift provided to MGM what it claimed was a representative Mega Lift device but that was not truly representative. To the extent Mega Lift relies on Rule 60(b)(3) of the Federal Rules of Civil Procedure for its Motion, the Motion is denied.

### D.     Rule 60(b)(6) – Catch-All

Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling*, 396 F.3d at 639. Rule 60(b)(6) is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); Hesling, 396 F.3d at 642. "Relief under Rule 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Id.* at 643.

Mega Lift has failed to demonstrate extraordinary circumstances that would justify reconsideration under Rule 60(b)(6). The Motion, to the extent it is based on this provision, is denied.

### III. CONCLUSION AND ORDER

Mega Lift has failed to establish a basis for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Consequently, it is hereby

**ORDERED** that Mega Lift's Motion for Reconsideration [Doc. # 182] is **DENIED**.

SIGNED at Houston, Texas, this 19th day of **March, 2007**.

_____
Nancy F. Atlas
United States District Judge