IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This closed patent case is before the Court on Defendant Mega Lift Systems, LLC's ("Mega Lift") Objections [Doc. # 264] to Plaintiff MGM Well Services, Inc.'s ("MGM") Bill of Costs [Doc. # 259]. MGM filed its Response [Doc. # 267] to Mega Lift's Objections, and Defendant neither filed a Reply nor requested an extension of time to do so. Having reviewed the record and applied governing legal authorities, the Court **sustains** Mega Lift's objection to the $2,000.00 mediation fee and to the $135.43 Federal Express fees. The Court **overrules** all other objections.

A prevailing party is generally entitled to an award of costs "unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Taxable costs are itemized in 28 U.S.C. § 1920. "A district court has broad discretion in awarding costs, and its decision to award costs will only be reversed upon a clear showing of an abuse of discretion." *United Teacher Assocs. Ins. Co. v. Union Labor Live Ins. Co.*, 414 F.3d 558, 574 (5th

Cir. 2005). Similarly, "the inclusion of various items within that award [of costs] is within the discretion of the trial judge." *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983).

MGM seeks to recover $310.00 for "Fees of the Clerk," $100.00 for "Fees for service of summons and subpoena," and $1,894.81 for "Fees for witnesses." Mega Lift did not object to MGM's request for these costs and the Court finds that MGM is entitled to recover them.

MGM seeks to recover $17,102.22 for "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." Mega Lift objects to $10,441,17 of the requested amount, arguing that it was not necessary for MGM to obtain copies of deposition transcripts of persons who were available to testify at trial and that it was unnecessary for MGM to obtain a transcript of the Evidentiary Hearing on January 17, 2007. It has long been the rule in the Fifth Circuit that transcripts "obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). It is clear that the depositions of Mega Lift's employees, particularly its principal James Bartley, were used for trial and trial preparation, and the Court overrules Mega Lift's objection to the costs for the deposition transcripts. The Court similarly finds that the transcript of the evidentiary

hearing, during which Bartley testified under oath, was obtained for trial or trial preparation. The Court overrules Mega Lift's objections to the costs of transcripts that MGM necessarily obtained for use in the case.

MGM seeks to recover $40,959.00 in costs for "Fees for exemplification and copies of papers necessarily obtained for use in the case." MGM objects to $25,844.84 of this amount. The CDs for which MGM seeks to recover costs of almost $4,000 were for production of documents *to Mega Lift* and are recoverable. MGM necessarily obtained a certified copy of the file history of the patent-in-suit for use in the case – specifically, so that it would be admissible in evidence over objection. The number of copies and the cost of the duplication were reasonable under the circumstances of this case. The manner in which Mega Lift chose to conduct its part of the litigation unnecessarily complicated an otherwise straightforward patent case, exponentially increasing the number of pleadings and corresponding copies necessary for use in the case. Mega Lift's objection to the $658.19 for a "rush copy project" and $1,352.71 for "blowbacks" is based exclusively on the fact that the costs were incurred approximately one year prior to trial. It is required only that the costs are for exemplification and copies necessarily obtained "for use in the case," not necessarily for use "in the trial." There is nothing to indicate that the costs, even if incurred well before the start of trial, were not incurred for exemplification and copies for use "in the

case." The Court overrules Mega Lift's objections to the costs for exemplification and copying.

MGM seeks $19,184.14 for other miscellaneous costs. Mega Lift objects to the fees of MGM's expert witnesses to prepare for and give their depositions, Federal Express fees, the cost of the mediator, and MGM's purchase of a Mega Lift device for use as a trial exhibit. MGM is entitled to recover the expert's fees for time spent "responding to discovery" pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Federal Express charges, however, are not listed in § 1920 as recoverable costs and "represent 'overhead' costs, not litigation costs." *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997). The mediation expense is also not recoverable. *See Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001). Consequently, the Court overrules Mega Lift's objection to the expert witness fees and sustains the objections to the Federal Express and mediation fees.

Mega Lift also objects, without explanation, to MGM's request for the $3,436.21 it was required to pay Mega Lift for one of Mega Lift's infringing devices. Generally, the cost of producing demonstrative trial exhibits to an opponent is not recoverable absent pretrial approval. *See Louisiana Power & Light Co. V. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995). In this case, however, MGM is not seeking to

recover the cost of producing trial exhibits to Mega Lift. Instead, MGM seeks only to recover the amount it was required to pay to obtain an accused device that Mega Lift failed to provide during discovery. The accused device was necessary for discovery and for trial. The exhibit was received into evidence and was repeatedly viewed and manipulated by the participants at trial. Consequently, whether characterized as a taxable cost or as a discovery sanction under Rule 37(c) of the Federal Rules of Civil Procedure, MGM is entitled to recover the cost of purchasing a Mega Lift infringing device.

Based on the foregoing, it is hereby

**ORDERED** that Mega Lift's Objections [Doc. # 264] are **SUSTAINED** as to the $2,000.00 mediation fee and as to the $135.43 Federal Express fees, and **OVERRULED** in all other respects. It is further

**ORDERED** that MGM is awarded taxable costs in the amount of **$77,414.74**.

SIGNED at Houston, Texas, this **12th** day of **June, 2007.**

_____
Nancy F. Atlas
United States District Judge