# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MGM WELL SERVICES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1634 |
| | § | |
| MEGA LIFT SYSTEMS, LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Stay of Damages Portion of Judgment Pending Appeal ("Motion") [Doc. # 274] filed by Defendant Mega Lift Systems, LLC ("Mega Lift"). Plaintiff MGM Well Services, Inc. ("MGM") filed its Opposition [Doc. # 277], and Mega Lift filed a "Response to [MGM's] Opposition" [Doc. # 283]. Specifically, Mega Lift asks the Court to stay the damages portion of the final judgment without requiring Mega Lift to post a supersedeas bond. Being completely familiar with the full record in this case, and having applied the governing legal authorities, the Court denies Mega Lift's Motion. Mega Lift may obtain a stay of the damages portion of the Final Judgment by posting a proper supersedeas bond securing the full judgment as provided for in Rule 62(d) of the Federal Rules of Civil Procedure.

I.   **BACKGROUND**

MGM filed this lawsuit alleging that Mega Lift was producing and selling a device that infringed MGM's patent. Following a trial to the Court, Final Judgment [Doc. # 256] was entered in MGM's favor. MGM was awarded its lost profits in the amount of $851,625.00, plus post-judgment interest at the rate of 4.93%. Although the issue was a close one, the Court declined to find the case to be exceptional under 35 U.S.C. § 285 and denied MGM's request for attorney's fees. MGM was awarded its taxable costs of $77,414.74. *See* Memorandum and Order [Doc. # 272].

Mega Lift filed a timely Notice of Appeal [Doc. # 262] on May 15, 2007. Later, on June 25, 2007, Mega Lift filed the pending Motion, which has been fully briefed and is ripe for decision.

II.   **ANALYSIS**

Mega Lift is entitled to obtain a stay of the damages portion of the final judgment by giving a supersedeas bond in accordance with Rule 62(d) of the Federal Rules of Civil Procedure. Mega Lift, however, asks the Court to stay the damages award pending an appeal to the United States Court of Appeals for the Federal Circuit without requiring a bond or other security. The United States Supreme Court has stated that the "district court may only stay execution of the judgment pending . . . appeal if the court provides for the security of the judgment creditor." *Peacock v.*

*Thomas*, 516 U.S. 349, 359 n.8 (1996). "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). In this case, the Court declines to waive the requirement that Mega Lift post a bond in an amount sufficient to cover the full damages amount of the final judgment, including interest and costs. To do so would jeopardize MGM's ability to collect its judgment, contravening the clear legal authority from the Supreme Court.

Mega Lift argues that posting a full supersedeas bond would place a financial burden on the company. Initially, given what the Court perceives as Mega Lift's likely lack of success on appeal, a departure in this case from the standard requirement for a full supersedeas bond is not warranted. Moreover, Mega Lift has not shown objectively that obtaining a full bond would place an ***undue*** financial burden on the company. Instead, Mega Lift submits an unaudited "Balance Sheet" allegedly reflecting Mega Lift's assets and liabilities, supported by the affidavit of James Bartley. The "Balance Sheet" is by an individual with limited credibility in this case and contains a significant caveat that Bartley has not "conducted a physical inventory." *See* Affidavit of James Bartley, attached to Motion. The unaudited,

tentative "Balance Sheet" indicates that Mega Lift has current assets in excess of one million dollars, an adequate amount on which to obtain a supersedeas bond in this case.[1]  Mega Lift then simply offers to "maintain the current assets of the Corporation during the pendency of the appeal." *See* Motion, ¶ 17.  Mega Lift's promise does not provide MGM with adequate security for its judgment.

Mega Lift, "in the alternative," states that it "believes that it may be able to obtain a reduced bond in the amount of $30,000." *See id.*, ¶ 18.  The Court notes that the taxable costs in this case are more than double the amount Mega Lift suggests as an adequate alternative security in this case.  Substitute security must "furnish equal protection to the judgment creditor." *Poplar Grove*, 600 F.2d at 1191.  Mega Lift's proposal does not provide the necessary protection.

The uncontroverted evidence presented at trial established that Mega Lift's predecessor – called "Mega Systems" – bankrupted a judgment in a different patent case, only to begin immediately to operate Mega Lift as a "new" company with the same offices, the same employees, and the same products.  *See* Findings of Fact and Conclusions of Law [Doc. # 255], p. 35.  Mega Lift throughout this litigation has demonstrated a lack of respect for its legal obligations to the Court and to MGM.

---

[1] The unaudited balance sheet indicates that Mega Lift has long term liabilities of $187,555,46. The largest current liabilities are judgments of approximately $1,220,000.

Mega Lift's proposal for substitute security is clearly inadequate – less than half the taxable costs. As a result, the Court declines Mega Lift's offers and finds that MGM is entitled to full security for its judgment.

### III.   CONCLUSION AND ORDER

Mega Lift has failed to establish that the damages portion of the Final Judgment in this case should be stayed absent Mega Lift's posting of a supersedeas bond in an amount adequate to secure the full judgment, including interest and costs. Mega Lift and Bartley have previously demonstrated that they will go to extraordinary lengths to avoid paying a final judgment. The proposed substitute security does not give MGM anything near the same protection it would have with a full supersedeas bond. Accordingly, it is hereby

**ORDERED** that the Motion for Stay of Damages Portion of Judgment Pending Appeal [Doc. # 274] is **DENIED**. Mega Lift may seek court approval of a supersedeas bond as required by Rule 62(d).

SIGNED at Houston, Texas, this **10th** day of **July, 2007.**

_____
Nancy F. Atlas
United States District Judge